```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-61154-CIV-ZLOCH
```

CARL SHELL,

       Plaintiff,

vs.

**FINAL ORDER OF DISMISSAL AS TO DEFENDANT U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**

HOLLYWOOD HOUSING AUTHORITY,
U.S. DEPARTMENT OF HUD
OFFICE OF FAIR HOUSING AND
EQUAL OPPORTUNITY, TERESA VON
SAAL, and TIM SCHWARTZ

       Defendants.
_____/

    THIS MATTER is before the Court upon Defendant Department of Housing and Urban Development's Motion To Dismiss (DE 34) and Motion For Summary Judgment (DE 36). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff filed his Amended Complaint (DE 16) alleging that Defendants retaliated against him in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. (2006). Defendant Department of Housing and Urban Development (hereinafter "HUD") now moves for summary judgment. For the reasons expressed more fully below, the Court finds that no genuine issue of material fact remains and that HUD is entitled to judgment as a matter of law.

## I. Background

    Plaintiff was a recipient of a voucher for housing assistance

provided under the United States Housing Act, 42 U.S.C. § 1437f. Money was appropriated for this purpose by Act of Congress and awarded to local public housing authorities, who provided it to the recipients. The money was provided as a subsidy to Plaintiff's rent with a private landlord and would continue as long as his lease continued and he complied with applicable regulations. Plaintiff's landlord had the right to terminate the lease upon 60 days' notice that the rental unit must be vacated for renovations. DE 34, Ex. A, pp. 6-7. On April 29, 2004, the landlord gave him the required notice that he would have to leave his unit because it was being renovated. DE 34, Ex. G. Plaintiff remained in the unit past the lease termination date, and his landlord began eviction proceedings. The housing subsidy terminated based on the lease's termination and also Plaintiff's violation of the lease by holding over.

Plaintiff took his case through HUD's internal agency review process, where it was dismissed based on a determination that no cause existed to find a violation of his rights had taken place. DE 34, Exs. C & D. He then filed this action alleging violations of the Fair Housing Act, 42 U.S.C. § 3601, et seq. As to HUD, Plaintiff apparently seeks to review its agency determination; he does not seek relief from HUD for terminating either the lease or the housing subsidy, because it was not involved in these actions.

II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an

3

essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

The Court finds that HUD is entitled to judgment as a matter of law because no private right of action exists to challenge HUD's agency determinations.  78 F.3d 64, 64-65 (2d Cir. 1996); accord Godwin v. Sec'y of Housing and Urban Development, 356 F.3d 310, 312 (D.C. Cir. 2004).  Moreover, HUD's determination is not reviewable under the Administrative Procedures Act, 5 U.S.C. § 701, et seq. Marinoff v. U.S. Dep't of Housing and Urban Development, 892 F. Supp. 493, 497 (S.D.N.Y. 1995), aff'd 78 F.3d 64.  Therefore, no genuine issue of material fact remains for trial as to HUD, and it is entitled to judgment as a matter of law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Department of Housing and Urban Development's Motion For Summary Judgment (DE 36) be and the same is hereby **GRANTED**;

2. The above-styled cause be and the same is hereby **DISMISSED** as to Defendant U.S. Department of Housing and Urban Development; and

3. Defendant Department of Housing and Urban Development's Motion To Dismiss (DE 34) be and the same is hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___3rd___ day of February, 2009.

                                                      _____
                                                      WILLIAM J. ZLOCH
                                                      United States District Judge

Copies furnished:

All Counsel of Record

Carl Shell, pro se
2037 Madison Street, #2
Hollywood, FL 33020