UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61154-CIV-ZLOCH

CARL SHELL,

       Plaintiff,            **FINAL ORDER OF DISMISSAL AS TO
                                          DEFENDANTS HOLLYWOOD HOUSING
vs.                                AUTHORITY AND TIM SCHWARTZ**

HOLLYWOOD HOUSING AUTHORITY,
TERESA VON SAAL, and TIM
SCHWARTZ

       Defendants.
_____/

      THIS MATTER is before the Court sua sponte and upon Defendant Hollywood Housing Authority's Motion For Order To Show Cause (DE 14) and Motion To Dismiss (DE 28).  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

      Plaintiff initiated the above-styled cause alleging damages arising from the termination of his housing assistance payments provided under the United States Housing Act, 42 U.S.C. § 1437f. These facts were previously the subject of a suit filed by Plaintiff against several defendants including Defendants Hollywood Housing Authority (hereinafter "HHA") and Tim Schwartz.

      The doctrine of <u>res judicata</u> bars the refiling and relitigating of any claim that was the subject of a prior action if the following are all true: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits in the prior action; (3) the parties are identical in both actions; and (4) the prior and present causes of action are

the same. Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citations omitted). Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). The purpose of the doctrine is to protect an adverse party "from the expense and vexation attending multiple lawsuits [and] conserves judicial resources." Montana v. United States, 440 U.S. 147, 153 (1979).

Plaintiff previously filed an action in the Seventeenth Judicial Circuit in and for Broward County, Florida alleging wrongful termination of his housing benefits. See DE 14, Ex. 6 (Case No. 06-16316(11)). That case was heard by a court of competent jurisdiction and the parties were the same as those named herein. Id. A final judgment on the merits was entered granting Defendants HHA and Tim Schwartz's Motions To Dismiss. DE 14, Ex. 7. Thus, the sole remaining question is whether the prior and present causes of action are the same. Davila, 326 F.3d at 1187.

In the Eleventh Circuit, "[t]he principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case. In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1503 (11th Cir. 1990). If the actions arise from the same "common nucleus of operative fact" or are "based upon the same factual predicate," the two are the same "claim" for res judicata purposes. Id.

The factual basis for the instant action is the same as that underlying Plaintiff's prior state court action, Case No. 06-16316(11). Plaintiff claims herein that Defendants' termination of his housing assistance payments in 2004 violated the Fair Housing Act, 42 U.S.C. § 3613. In the state court action, Plaintiff claimed that the same termination of his housing assistance payments in 2004 violated his property interests and he sued under 42 U.S.C. § 1983. See DE 14, Ex. 6. Thus, even though the former suit proceeded under § 1983 and the instant action proceeds under the Fair Housing Act, each seeks to redress the alleged wrongful termination of his housing benefits in 2004. These suits arise out of the same common nucleus of operative fact and the claim asserted herein should have been brought in the earlier action.[1] See Rubbermaid, 193 F.3d at 1240 (holding that later-filed claim for retaliation was barred as res judicata because it arose from the same factual predicate as previously filed qui tam action). "This is textbook res judicata." Id.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** with prejudice as to Defendants Hollywood Housing Authority and Tim Schwartz on the basis that the claims asserted herein are res judicata; and

---

[1] The Court notes that this factual predicate has given rise to numerous other suits filed by Plaintiff against Defendants. See generally DE 14 & Exs. 1-22.

2. Defendant Hollywood Housing Authority's Motion For Order To Show Cause (DE 14) and Motion To Dismiss (DE 28) be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   27th    day of March, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel and Parties of Record