```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61154-CIV-ZLOCH

CARL SHELL,

        Plaintiff,
                                          FINAL ORDER OF DISMISSAL
vs.

TERESA VON SAAL,

        Defendant.
                                    /
```

THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

Plaintiff filed this action alleging retaliation in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. (2006). He was formerly a recipient of voucher payments for housing assistance provided under the United States Housing Act, 42 U.S.C. § 1437f. Money was appropriated for this purpose by Act of Congress and awarded to local public housing authorities, who provided it to the recipients. The money was provided as a subsidy to Plaintiff's rent with a private landlord and would continue as long as his lease continued and he complied with applicable regulations. Plaintiff's landlord had the right to terminate the lease upon 60 days' notice that the rental unit must be vacated for renovations. DE 34, Ex. A, pp. 6-7. On April 29, 2004, the landlord gave him the required notice that he would have to leave his unit because it was being renovated. DE 34, Ex. G. Plaintiff remained in the unit past the lease termination date, and his landlord began eviction proceedings. The housing subsidy terminated based on the lease's

termination and also Plaintiff's violation of the lease by holding over.  Plaintiff took his case through the internal agency review process in the Department of Housing and Urban Development, where it was dismissed based on a determination that no cause existed to find a violation of his rights had taken place.  DE 34, Exs. C & D.  Plaintiff then embarked on a journey of litigation through both state and federal courts over this matter.  See DE 14, pp. 4-7.  The cases closed at this time have all been dismissed for failing to state a cause of action or attempting to relitigate already-dismissed cases.  Plaintiff then filed this action alleging violations of the Fair Housing Act.

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss an in forma pauperis action at any time if it determines that the action is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  The United States Supreme Court has held that a complaint is frivolous "where it lacks an arguable basis in law or if fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Factual frivolity means "clearly baseless" on the facts, and legal frivolity means an "indisputably meritless" legal theory.  Id. at 327.  "On the question of frivolousness, a litigant's history of bringing unmeritorious litigation can be considered." Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) (citation omitted).  This is so because "[s]ection 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic

disincentives to filing frivolous or malicious suits once in forma pauperis status is granted." Herrick v. Collins, 914 F.2d 228, 229 (11th Cir. 1990).

This action is frivolous.  The Court notes that Plaintiff has engaged in seemingly endless litigation against related parties all arising from the termination of his housing assistance benefits. See DE 14 and attached Exhibits.  Thus, the subject matter herein has been adjudicated previously numerous times all in favor of Plaintiff's opponents.  By prior Order (DE 57), the Court noted that this action against formerly dismissed Defendants Hollywood Housing Authority and Tim Schwartz was frivolous from its inception.  In addition, the Court previously dismissed this action against former Defendant Department of Housing and Urban Development because no right of action existed against it.  DE 43.

The sole remaining Defendant is a director of Hollywood Housing Authority and Plaintiff now seeks leave to proceed against additional directors.  These are the same parties and subject matter as actions Plaintiff has filed and lost on numerous occasions in the past.  The Court finds that this action is frivolous, Bilal, 251 F.3d at 1350, and must be dismissed.  28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The above-styled cause be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the Court has determined that it is frivolous;

2. To the extent not otherwise disposed of herein, all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of April, 2009.

                                             _____
                                             WILLIAM J. ZLOCH
                                             United States District Judge

Copies furnished:

All Counsel of Record

Carl Shell, pro se
2037 Madison Street, #16
Hollywood, FL 33020

4